UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



MARTINA STEVENS,

             Plaintiff,

v.

ALVIN P. BERRY *et al.*,

             Defendants.

Civil Action No. 3:11-CV-190

## MEMORANDUM OPINION

THIS MATTER is before the Court on unopposed motions to dismiss filed by Defendants James Willett and Hanover County in this matter brought under 42 U.S.C. § 1983 and Virginia law (ECF Nos. 8, 11). For the reasons discussed below, the Court will grant the motions and dismiss the claims against Willett and Hanover County.

### I. BACKGROUND

Plaintiff Martina Stevens alleges that Defendant Alvin P. Berry, formerly a corrections officer in Hanover County, committed rape and forced oral sodomy against her when she was an inmate at the Pamunkey Regional Jail. She has brought three claims against Berry: a § 1983 claim for excessive force and cruel and unusual punishment in violation of her Fourth, Eighth, and Fourteenth Amendment rights (Count I); assault and battery (Count II); and intentional infliction of emotional distress (Count III). She has also brought common-law vicarious liability claims against Hanover County and James Willett, Superintendent of the Pamunkey Regional Jail, acting in his individual capacity (Count IV).

Superintendent Willett and Hanover County filed motions to dismiss the counts against them. The Plaintiff did not respond to their motions.

## II. **LEGAL STANDARD**

Rule 12 allows a defendant to raise a number of defenses to a claim for relief at the pleading stage. Among these is the defense that the pleadings fail to state a claim upon which the Court can grant relief. Fed. R. Civ. P. 12(b)(6). Where a motion pursuant to Rule 12(b)(6) contends that a plaintiff's pleadings are insufficient to show entitlement to relief, a court must resolve the motion by reference to the allegations in the complaint. *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). The question then before the court is whether the complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief" in both "law and fact." *Id.* at 192-93. When adjudicating a motion to dismiss, a court is usually limited to the pleadings and matters of judicial notice, but a district court may consider documents attached to the complaint or "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

The pleadings need not be supported by evidence but must "state a claim to relief that is plausible on its face." *Id.* at 193 (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). A plausible claim is one that contains more than just "unadorned, the-defendant-unlawfully-harmed-me-accusation[s]." *Iqbal*, 129 S.Ct. at 1949. If the complaint alleges—directly or indirectly—each of the elements of a viable legal theory, the plaintiff should be given the opportunity to prove that claim.

In resolving a 12(b)(6) motion, a court must regard as true all of a plaintiff's well-pleaded allegations, *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), as well as any facts that could be proven consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In contrast, the court does not have to accept legal conclusions couched as factual allegations, *Twombly*, 550 U.S. at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). *See also Iqbal*, 129 S. Ct. at 1950. With these principles in mind, a court must ultimately ascertain whether the plaintiff has stated a plausible, not merely speculative, claim for relief.

### III. DISCUSSION

Under the doctrine of *respondeat superior*, an employer can be held liable for torts committed by an employee pursuing his employer's business and acting within the scope of his employment. *McNeill v. Spindler*, 62 S.E.2d 13, 17 (Va. 1950); *also Kensington Assocs. v. West*, 362 S.E.2d 900, 901 (Va. 1987). The Plaintiff's assertion that Defendants Willett and Hanover County can be held vicariously liable for the intentional torts of Defendant Berry is flawed, however.

Hanover County correctly argues that it is immune from liability for the alleged sexual assault. Assuming, without concluding, that Berry's actions were within the scope of his employment and that Hanover County employed him and, therefore, that liability under *respondeat superior* would otherwise be available, the county "is immune from liability for intentional torts committed by an employee during the performance of a governmental function." *Niese v. City of Alexandria*, 564 S.E.2d 127, 133 (Va. 2002); *accord Mann v. County*

*Board of Arlington County*, 98 S.E.2d 515, 518 (Va. 1957). Thus, Stevens's vicarious liability claim against Hanover County fails to state a claim upon which this Court can grant relief.

The Plaintiff's vicarious liability claim against Willett is also flawed. To hold Willett liable for Berry's wrongdoing under a theory of *respondeat superior*, the Plaintiff must plead facts showing that an employer-employee relationship existed between the two. *McNeill*, 62 S.E.2d at 17. However, as Willett argues, the First Amended Complaint fails to state the existence of such a relationship. Rather, it identifies either the Pamunkey Regional Jail or Hanover County—not Willett—as Berry's employer.[1] Thus, the Complaint fails to state a claim against Willett.[2]

## IV. CONCLUSION

For these reasons, the Court GRANTS the motions to dismiss.

Let the Clerk send a copy of this Memorandum Opinion to all parties of record.

An appropriate order shall issue.

> /s/
> James R. Spencer
> Chief United States District Judge

ENTERED this 1st day of August 2011.

---

[1] Paragraph 7 of the First Amended Complaint states that "Officer Berry, at all relevant times herein, was a corrections officer formerly employed by the Pamunkey Regional Jail, run by Hanover County, Virginia."

[2] Because Stevens has failed to plead the existence of an employer-employee relationship between Willett and Berry, the Court does not need to consider Willett's arguments that an employer cannot be held vicariously liable for an employee's assault and battery or that he is entitled to sovereign immunity.

4